UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH H. DRAKE, | Civil Action No. 17-2643 (SDW) |
| Plaintiff, | |
| v. | OPINION |
| GERALD M. SALUTI, et al., | |
| Defendants. | |

**WIGENTON**, District Judge:

Presently before the Court is the complaint of Plaintiff, Keith H. Drake. (ECF No. 1). Also before this Court is Plaintiff's application to proceed *in forma pauperis*. (Document 1 attached to ECF No. 1). Based on Plaintiff's application, it is clear that leave to proceed *in forma pauperis* is warranted in this matter, and therefore this Court will grant Plaintiff's application to proceed *in forma pauperis*. Because this Court is granting that application and because Plaintiff is a state prisoner suing state employees, however, this Court is required to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss the complaint in its entirety.

**I. BACKGROUND**

In his complaint, Plaintiff alleges that, in 2007, he was convicted of second-degree sexual assault in violation of N.J. Stat. Ann. § 2C:14-2(c)(1). (ECF No. 1 at 4). At sentencing for that offense in March 2007, the prosecutors argued, and defense counsel apparently agreed, that Petitioner was subject to the terms of the No Early Release Act ("NERA"), N.J. Stat. Ann. § 2C:43-

1

7.2, which imposes a period of parole ineligibility equal to eighty-five percent of a criminal defendant's sentence where he is convicted of certain enumerated first and second degree offenses, including "subsection b. of [N.J. Stat. Ann. §] 2C:14-2 and paragraph (1) of subsection c. of [N.J. Stat. Ann. §] 2C:14-2, sexual assault." N.J. Stat. Ann. § 2C:43-7.2(d)(8). The sentencing judge therefore found Petitioner subject to NERA, and sentenced Petitioner to an appropriate period of parole ineligibility in imposing sentence for Petitioner's sexual assault conviction. (ECF No. 1 at 4). Petitioner appealed, but did not challenge his NERA sentence on appeal. (*Id.* at 4-5). When Petitioner complained about counsel's failure to raise a challenge to the NERA sentence, counsel responded by telling Petitioner that he had been sentenced correctly under NERA. (*Id.* at 5).

Petitioner apparently sought relief from his sentence from the state parole board, but was told that only the courts could grant him relief. (*Id.*). Petitioner also filed motions or petitions for several forms of post-conviction relief, ultimately culminating in a motion to correct an illegal sentence in which he argued that his NERA sentence was improper. (*Id.*). That motion was denied. (*Id.*). Petitioner appealed, and the Superior Court of New Jersey – Appellate Division affirmed the denial of his motion, explaining as follows:

> Under the plain language of [N.J. Stat. Ann. §] 2C:43-7.2, NERA applies to second-degree sexual assault under [N.J. Stat. Ann. §] 2C:14-2(c)(1). Subsection a. of [N.J. Stat. Ann. §] 2C:43-7.2 requires that "[a] court imposing a sentence of incarceration for a crime of the first or second degree enumerated in subsection d. of this section shall fix a minimum term of 85% of the sentence imposed, during which the defendant shall not be eligible for parole." Subsection b. similarly requires that "[t]he minimum term required by subsection a. of this section shall be fixed as a part of every sentence of incarceration imposed upon every conviction of a crime enumerated in subsection d. of this section[.]" [N.J. Stat. Ann. §] 2C:43-7.2(b)[.] Subsection d. requires that "[t]he court shall impose sentence pursuant to subsection a. of this section upon conviction of the following crimes or an attempt or conspiracy to commit any of these crimes[.]" [N.J. Stat. Ann. §] 2C:43-7.2(d)[.] Among the "following crimes" "enumerated in subsection d." is "paragraph (1) of subsection c. of [N.J. Stat. Ann. §] 2C:14-2, sexual

2

> assault[.]" [N.J. Stat. Ann. §] 2C:43-7.2(d)(8). Because [N.J. Stat. Ann. §] 2C:14-2(c)(1) is "a crime of the ... second degree enumerated in subsection d.," NERA applies. [N.J. Stat. Ann. §] 2C:43-7.2(a), (b), (d).

*State v. Drake*, 132 A.3d 1270, 1274-75 (N.J. App. Div. 2016). The Appellate Division went on to reject Plaintiff's argument that NERA would only apply to a second-degree sexual assault where there was a violation of both "subsection b. of [N.J. Stat. Ann. §] 2C:14-2 and paragraph (1) of subsection c. of [N.J. Stat. Ann. §] 2C:14-2," instead finding that, based upon the legislature's intent, the statute merely laid out in section (d)(8) both forms of second degree sexual assault which individually would require a NERA sentence. *Id.* at 1275-82.

In his current complaint, Plaintiff contends that NERA is "unconstitutionally vague," and that his sentence is therefore illegal. Plaintiff therefore seeks to bring claims for denial of his rights leading to his incarceration against several judges, prosecutors, and defense attorneys involved in his case who either imposed, sought to impose, or failed to oppose Petitioner's NERA sentence. (ECF No. 1 at 4-6). Petitioner also names as a Defendant the New Jersey Parole Board, apparently for failing to provide him relief when he sought to have the Board undo his NERA sentence. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may

3

be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a state prisoner seeking damages from state officials who has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff, in his complaint, seeks to raise claims against the Parole Board, judges, prosecutors, private defense attorneys, and public defenders, for alleged violations of his

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Plaintiff attempts to assert that Defendants denied him Due Process or his right to counsel by "conspiring" to impose a NERA sentence upon him.

Plaintiff seeks to bring claims against the state courts, prosecutors, and his own defense attorneys for failing to challenge the imposition of a NERA sentence on his sexual assault conviction. To the extent Plaintiff attempts to argue that these individuals conspired to impose upon him an illegal sentence, that argument is clearly foreclosed by the decision of the Appellate Division finding that NERA clearly did and does apply to Plaintiff's crime of conviction, and that all of the parties he now argues denied him his constitutional rights were bound by New Jersey law to impose upon him his NERA sentence. *See Drake*, 132 A.3d at 1274-82. Petitioner cannot claim that he was denied Due Process or his right to counsel by the Defendants he names here when the sentence imposed upon him was predetermined by New Jersey law. Instead, it is clear that what Plaintiff is attempting to do with his current civil rights complaint is to relitigate the issue decided by the Appellate Division – whether his criminal sentence was illegal because NERA was unconstitutionally vague as relates to his crime of conviction. (*See* ECF No. 1 at 2, 6).

A federal civil rights suit under 42 U.S.C. § 1983, however, is not the proper vehicle for such a challenge. The Supreme Court has long held that a prisoner may not use § 1983 as a means to challenge the fact or duration of his conviction or sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (a federal civil rights action "will not lie when a state prisoner challenges the fact or duration of his confinement" and § 1983 cannot be used by a prisoner to seek either his "immediate release" or a "shortening" of his term of confinement); *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973). Indeed, the Court has extended this rule to bar not only suits directly seeking to invalidate a sentence, but also to cases where a plaintiff attempts to raise a claim for money damages the success of which would impugn the validity of his conviction or sentence. *Wilkinson*, 544 U.S. at 80-82; *Heck v. Humphries*, 512 U.S. 477, 486-87 (1994). The Court thus requires that any civil rights suit seeking money damages from an allegedly improper conviction or sentence be preceded by a judgment of the state or federal courts invalidating that conviction or sentence. *Wilkinson*, 544 U.S. at 81-82. This is because the correct mechanism by which a state prisoner may seek to invalidate his sentence in federal court is a petition for a writ of habeas corpus, and § 1983 may not be used to circumvent the gatekeeping requirements applicable to such a petition.[2] *Id.* at 80-82. The Supreme Court has thus expressly held that a state prisoner's civil rights suit "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of [his] confinement or its duration." *Id.* at 81-82.

---

[2] It must be noted that Plaintiff has, in fact, already filed a petition for a writ of habeas corpus, which this Court dismissed with prejudice as time barred. *See Drake v. Johnson*, No. 15-2837, 2016 WL 1069912 (D.N.J. Mar. 18, 2016). Thus, it appears that the reason Plaintiff is attempting to raise this argument as a civil rights claim is *because* he cannot meet the gatekeeping requirements of the habeas statute.

All of Plaintiff's claims arise out of his assertion that his sentence was improper because NERA is allegedly unconstitutionally vague. Plaintiff's civil rights claims, although couched as claims for monetary damages, therefore necessarily depend on Plaintiff's ability to demonstrate the invalidity of his NERA sentence in order to be successful. As such, they are barred by *Wilkinson* unless and until Plaintiff has had his NERA sentence invalidated. *Id.* Plaintiff's complaint must therefore be dismissed.[3]

### III. CONCLUSION

For the reasons stated above, this Court will grant Plaintiff's application to proceed *in forma pauperis*, but will dismiss Plaintiff's complaint (ECF No. 1) in its entirety. An appropriate order follows.

Dated: April 26, 2017

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge

---

[3] The Court also notes that Defendants would also most likely be entitled to immunity from liability for any claim raised under § 1983 were Plaintiff's claims not barred by *Wilkinson*. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (prosecutors generally immune from suit for actions taken in connection with initiating and pursuing a criminal prosecution); *LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012) (same); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (public defenders and private attorneys are not state actors when acting as defense counsel and "are absolutely immune from civil liability under § 1983" for actions taken in that capacity); *Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007) (judicial officers in the performance of their duties are absolutely immune from suit, even when acting maliciously or in excess of authority, unless they acted "in the clear absence of all jurisdiction"); *Randolph v. New Jersey State Parole Office*, No. 07-376, 2007 WL 1521189, at *3 (D.N.J. May 21, 2007) (New Jersey Parole Board is not a person subject to suit under § 1983 and is also entitled to Eleventh Amendment Immunity).